UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE M. OSANTOWSKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case number 09-10185

Honorable Julian Abele Cook, Jr.
Magistrate Mona K. Majzoub

ORDER

The Plaintiff, Catherine M. Osantowski, challenges a final decision that had been rendered by the Defendant, Commissioner of Social Security, who had rejected her application for Social Security disability insurance benefits. Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Osantowski and the Commissioner have filed cross-motions for summary judgment, with each party contending that there are no genuine issues of a material fact to be resolved by the Court.

These motions were referred to Magistrate Judge Mona K. Majzoub for her evaluation and recommendation. On January 20, 2010, she issued a report in which she recommended that the Court (1) grant the Commissioner's motion for summary judgment, (2) deny Osantowski's dispositive motion, and (3) enter an order of dismissal of the complaint. Eight days later, a timely objection to the report was filed by Osantowski.

I

Osantowski, who is now in her mid-forties, is a high school graduate with past work

experience as a grocery store clerk, bookkeeper, dispatcher, gas station cashier, meat wrapper and fast food restaurant manager. She was also intermittently self-employed by a home-based sales company called Home & Garden Party, Ltd. between 2002 and 2006.

Osantowski contends that she suffers from fibromyalgia, pancreatitis, varicose veins, kidney problems, migraine headaches, sleep apnea, high cholesterol and a weak immune system. Believing that these conditions rendered her disabled and unable to work, Osantowski filed an application for disability insurance benefits and supplemental security income with the Social Security Administration (SSA) on June 28, 2001. After denying Osantowski's claim on October 16, 2001, the SSA subsequently rejected her request for a reconsideration of its decision. During a hearing on April 6, 2005, Osantowski reiterated her challenge to the correctness of the SSA decision. However, the administrative law judge, to whom the case had been assigned, denied Osantowski's claim two weeks later after concluding that she had engaged in a substantially gainful work activity during the period of alleged disability. Thus, it was the decision of the administrative law judge that she was not disabled within the meaning of the Social Security Act. Thereafter, Osantowski sought and obtained a review of this decision by the SSA Appeals Council. Thereafter, the case was remanded on February 27, 2007 to the administrative law judge for three purposes; namely, (1) to clarify the alleged onset date of Osantowski's disability, (2) evaluate her self-employment work activity, and (3) if necessary, continue its disability analysis. After conducting a remand hearing on November 27, 2007, a different administrative law judge denied Osantowski's claim in a decision which bore the date of July 25, 2008. Her request for a review of this adverse decision was denied by the SSA Appeals Council on November 25, 2008. This lawsuit followed.

In the now-challenged decision of July 25, 2008, the administrative law judge opined that

Osantowski was less than credible during the hearing, and concluded that she had not engaged in any substantial gainful employment activity since May 17, 2001. The administrative law judge also determined that (1) Osantowski had satisfied the insured status requirement of the Social Security Act through December 31, 2005, (2) her ability to stand, walk, sit and lift was severely impaired by fibromyalgia, the varicose veins in her left lower extremity, and chronic headaches, and (3) there is no evidence that she is able to perform any past relevant work. Notwithstanding these conclusions, the administrative law judge held that Osantowski's physical conditions did not satisfy any of the listed impairments under the Social Security Act. After finding that she retained a residual capacity to perform limited sedentary work, it was the ultimate conclusion of the administrative law judge that Osantowski was not disabled as defined in the Social Security Act.

II

The final decision of the Commissioner is always subject to review by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g).The term "substantial evidence" is defined as a standard that is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court in *Richardson* stated that "[i]t means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion."402 U.S. at 401; *See also, Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). As such, those "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Moreover, the district court has been advised to evaluate the administrative

3

record in its entirety. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III

In her complaint, Osantowski contends that the administrative law judge erred by disregarding the medical opinions of Tracy R. McComb, M.D. without providing a sufficiently detailed rationale. Asserting that the magistrate judge had improperly rejected her supporting evidence on this important issue, Osantowski urges the Court to declare the report, as well as the accompanying recommendation, to be substantively deficient. In making this argument, she maintains that the magistrate judge failed to cite any specific medical evidence which rebutted Dr. McComb's medical conclusion (i.e., Osantowski could only work part-time for a maximum of 4 hours per day)[1] with any reasonable degree of sufficiency.

The Court disagrees with this argument. Contrary to Osantowski's assertions, both the magistrate judge and the administrative law judge properly evaluated Dr. McComb's findings. Although a treating doctor's medical opinion should be accorded substantial deference, such an analysis is entitled to controlling weight only if it is (1) amply supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) consistent with the other substantial evidence in the case. *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). If the administrative law judge declines to give controlling weight to a treating physician's medical opinion, it is obliged to give "good reasons" for the rejection.. *Kidd v. Commissioner of Social*

---

[1]The Commissioner, in challenging this argument, contends that the administrative law judge accepted many of Dr. McComb's conclusions about Osantowski's physical limitations but at the same time justifiably rejected his assessment which touched upon the *severity* of those limitations.

*Security,* 283 Fed. Appx. 336, 340 (6th Cir. 2008). However, a physician's medical conclusion is entitled to deference only if it is (1) not contradicted by substantial medical or other evidence, and (2) based on detailed medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Despite Osantowski's arguments to the contrary, the magistrate judge conducted a detailed analysis of the reasons why the administrative law judge rejected Dr. McComb's medical opinion on the ultimate issue of whether the applicant was totally disabled. With regard to Osantowski's ability to lift and carry objects, the magistrate judge noted that the administrative law judge's findings were even more restrictive than those of Dr. McComb. The magistrate judge correctly observed that the findings by the administrative law judge that Osantowski could sit for "upwards of 6 hours" were not completely inconsistent with Dr. McComb's opinion that, at most, she could only sit between 4-6 hours. In her report, she noted that Dr. McComb's analysis was only supported by a notation that his patient "has to get up and & move periodically"- a conclusion that is based on a purported medical finding that she "has to move muscles." (Magistrate's Report and Recommendation at 14). Thus, the magistrate judge was correct when she concluded that -without more - vague statements of this nature do not support the doctor's suggested limitations. As the magistrate judge pointed out, the same is true of Dr. McComb's medically unsubstantiated statement that Osantowski's medications would adversely affect her ability to concentrate over a prolonged period of time. In the judgment of this Court, such deficiencies in a professional's analysis reasonably support the administrative law judge's decision to not fully accept all aspects of Dr. McComb's opinion.

IV.

After reviewing the official record in this case, the Court is satisfied that the administrative

5

law judge's conclusion that Osantowski was not disabled is supported by substantial evidence. Accordingly, the Court adopts the recommendation of the magistrate judge, grants the Commissioner's motion for summary judgment, and denies Osantowski's request for a summary judgment.

IT IS SO ORDERED.

Dated: March 29, 2010  S/Julian Abele Cook, Jr.
       Detroit, Michigan  JULIAN ABELE COOK, JR.
                          United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 29, 2010.

s/ Kay Doaks
Case Manager